# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ISABEL BERMUDEZ** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 18-2004** |
| **v.** | : | |
| | : | |
| **DIVERSIFIED CONSULTANTS INC.** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                        FEBRUARY 1, 2019

## MEMORANDUM OPINION

### INTRODUCTION

Plaintiff Isabel Bermudez ("Plaintiff") filed a civil action in state court in which she alleged that Defendant Diversified Consultants Inc. ("Defendant") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq.* ("TCPA"). [*See* ECF 1-1]. Defendant timely removed the matter to federal court pursuant to 28 U.S.C. § 1441(a). [ECF 1]. Thereafter, on May 18, 2018, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), for failure to state a claim. [ECF 4]. Plaintiff filed a response and an amended brief opposing the motion, [ECF 5, 7], to which Defendant filed a reply. [ECF 9]. The issues presented in the motion have been fully briefed and are ripe for disposition. For the reasons set forth herein, Defendant's motion is granted.

### BACKGROUND

When ruling on a motion to dismiss, this Court must accept as true all factual allegations in Plaintiff's complaint and construe these facts in the light most favorable to Plaintiff. *Fowler v.*

*UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). Here, the allegations in the complaint are summarized as follows:

> During February 2018, Defendant, a business located in Jacksonville, Florida, and engaged in the practice of consumer debt collection, placed calls to Plaintiff's daughter, Greasy Mendoza[1] ("Ms. Mendoza"), using three phone numbers which appeared on Ms. Mendoza's caller identification device ("caller ID") with a 215 Pennsylvania area code; *to wit*: 215-372-1655, 215-372-1685, and 215-372-1688. Plaintiff alleges that Defendant "does not have a place of business located in Pennsylvania," and that it called Ms. Mendoza in an attempt to collect debts allegedly owed by Plaintiff. Plaintiff resides in Norristown, Pennsylvania.

Plaintiff contends that Defendant's use of Pennsylvania phone numbers to contact Plaintiff's daughter and/or Plaintiff was "deceptive and confusing" because the appearance of local phone numbers "gave the false impression . . . to Plaintiff that the phone call was coming from Pennsylvania when in fact the phone call was not coming from Pennsylvania." Defendant used the local phone numbers "to entice Plaintiff or Plaintiff's daughter to take the call." Plaintiff argues that these calls violated the FDCPA as deceptive or misleading under § 1692e, and as unfair and/or unconscionable under § 1692f and the TCPA.

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11 (citing *Iqbal*, 556 U.S. at 677). The court must determine whether the plaintiff has pled facts sufficient to show a plausible entitlement to relief.

---

[1] It is noted that in a document included with the complaint, a party identifying herself as "Greays Mendoza, power of attorney for Isabel Bermudez" affirms that she "read the attached Complaint" and that "the facts stated therein are true and correct." [ECF 1-1 at 15]. The name appearing in that document is consistently spelled as Greays Mendoza. Whether this is the same party as the Greasy Mendoza who is referenced in the complaint, however, is not material to the resolution of the instant motion.

*Id.* at 211. If the pled facts only allow the court to *infer the mere possibility* of misconduct, then the complaint has only alleged, and not *shown*, that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)). Thus, the plaintiff "must allege facts sufficient to 'nudge [his or her] claims across the line from conceivable to plausible.'" *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

To determine the sufficiency of a complaint, "a court . . . must take three steps," *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *to wit*: a court must (1) "tak[e] note of the elements a plaintiff must plead to state a claim;" (2) identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth;" and (3) assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 675, 679). If the court finds, even after construing the complaint in the light most favorable to the plaintiff, that the plaintiff is not entitled to relief, the court can dismiss the claim. *Fowler*, 578 F.3d at 210.

## DISCUSSION

As noted, Plaintiff alleges that Defendant, a company based in Florida, called Plaintiff's daughter's phone using telephone numbers with a "215" area code[2] to "create[] the false impression that that call originated from a local caller to entice Plaintiff or Plaintiff's daughter to take the call." Plaintiff asserts that Defendant's use of local numbers is deceptive and/or misleading in violation of § 1692e, as well as unfair and/or unconscionable in violation of § 1692f.

---

[2]    The 215 area code covers a geographical area of Pennsylvania adjacent to Norristown.

In this Circuit, the question of whether the use of local phone numbers by a nonlocal defendant violates the FDCPA is an unsettled one. Plaintiff's claims will be addressed separately to determine whether the allegations in the complaint are sufficient to state an FDCPA claim.

*The Fair Debt Collection Practices Act ("FDCPA")*

In 1977, Congress enacted the FDCPA:

> to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e); In the FDCPA, Congress created "a private cause of action against debt collectors who fail to comply with the Act." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (citing 15 U.S.C. § 1692k). "Because the FDCPA is a remedial statute, we construe its language broadly so as to effect its purpose." *Id.* (citations omitted). "Accordingly, we analyze communications from lenders to debtors from the perspective of the 'least sophisticated debtor.'" *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (citing *Brown*, 464 F.3d at 454)). This objective standard has been consistently applied to claims under the FDCPA to ensure "'that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *Id.* (quoting *Brown*, 464 F.3d at 453). Thus, a "specific plaintiff need not prove that *she* was actually confused or misled, only that the objective least sophisticated debtor would be." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015) (emphasis in original) (citing *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014)). Though this "least sophisticated debtor" standard is low, it nevertheless "'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Lesher*, 650 F.3d at 997 (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000)).

4

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen*, 791 F.3d at 417 (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). Defendant moves to dismiss Plaintiff's complaint and argues that the facts alleged are insufficient to establish the fourth prong; that is, that Defendant has violated a provision of the FDCPA in attempting to collect a debt.

*15 U.S.C. § 1692e – Misleading Representations*

Plaintiff asserts that Defendant's use of a telephone number with a 215-area code violates § 1692e of the FDCPA. Section 1692e protects consumers against the use of "false, deceptive, or misleading" practices to collect debts. 15 U.S.C. § 1692e. "Without limiting the general application" of this prohibition, § 1692e includes a list of specific practices considered false, deceptive, and/or misleading that violate the FDCPA. In determining whether conduct not specifically prohibited by a subsection of § 1692 nevertheless constitutes a violation, courts have contrasted the alleged conduct with the specifically listed conduct and considered the closeness of fit. *Cf. Bland v. LVNV Funding, LLC*, 128 F. Supp. 3d 1152, 1159-60 (E.D. Mo. 2015) (holding that plaintiff failed to state a claim where the alleged conduct was "not the type of conduct prohibited under these sections of the FDCPA."); *Basich v. Patenaude & Felix, APC*, 2013 WL 1755484, at *7 (N.D. Cal. Apr. 24, 2013) (granting summary judgment where "the evidence [did] not demonstrate that either the character, content or the volume of the communications . . . would qualify as the type of conduct prohibited by the statute"); *Carman v. CBE Group, Inc.*, 782 F. Supp. 2d 1223, 1235 (D. Kan. 2011) ("The Court fails to see how the conduct alleged in this case constitutes the type of . . . conduct outlawed by the FDCPA. Although the list of prohibited

conduct is not all inclusive, failure to leave a message is not similar to the listed conduct."); *In re McMillen*, 440 B.R. 907, 913 (Bankr. N.D. Ga. 2010) ("[D]efendant's mistaken filing of duplicate proofs of claim does not constitute the type of abusive conduct prohibited under Section 1692e(2)(A), (5) or (10) of the FDCPA").

Section 1692e's list of prohibited conduct generally characterizes three categories of harmful practice, *to wit*: misleading consumers about the debt collector's identity, about the character of the debt itself, and about the consequences of a consumer's decisions about the debt. Here, Plaintiff alleges that Defendant's practice "gave the false impression . . . that the phone call was coming from Pennsylvania when in fact [it] was not." (Compl. at ¶ 19). This alleged deception was done "to entice Plaintiff or Plaintiff's daughter to take the call." (*Id.* at ¶ 23). While Plaintiff appears to argue that Defendant's practice is *related* to the first category, *i.e.*, misrepresentations of a debt collector's identity, this Court finds that the practice, as described, is not related to the first category, and neither qualifies as, nor is the equivalent of, the type of conduct prohibited by § 1692e in this category.

Specifically, § 1692e subsections (1), (3), (9), (11), (14), and (16)[3] prohibit misrepresentations of a debt collector's identity and protect consumers against the false

---

3       These subsections prohibit the following conduct:

(1)     The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(3)     The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(9)     The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

representation or implication that a debt collector has an affiliation that he does not have, or that

he is not a debt collector at all. Section 1692e thus manifests the intent of Congress to protect

consumers from being misled about the nature of *who* the debt collector on the phone *is*, not merely

from *where* that debt collector is calling. As such, this Court cannot find that Defendant's practice

constitutes prohibited conduct under § 1692e.

Moreover to be actionable under § 1692, the alleged representation or statement by a debt

collector must be "materially" misleading. *Jensen*, 791 F.3d at 417-18. A statement is

"materially" misleading or deceptive "if it has the potential to affect the decision-making process

of the least sophisticated debtor." *Id.* at 421. As the *Jensen* court observed, "the FDCPA was

designed to give debtors reliable information so that they can make informed decisions about *how*

*to address debts.*" *Id.* (emphasis added). "By definition, immaterial information neither

contributes to that objective (if the statement is correct) nor undermines it (if the statement is

incorrect)." *Id.* (quoting *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009)). As

such, under *Jensen*, information which does not have the potential to undermine a debtor's ability

to make "informed decisions about how to address debts" is not material and, therefore, is not

actionable under the FDCPA.

---

(11)  The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector

(14)  The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

(16)  The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title.

Plaintiff further argues that Defendant's practice of using local phone numbers was misleading because it "created the false impression that that call originated from a local caller to entice Plaintiff or Plaintiff's daughter to take the call." (Compl. at ¶ 23). Plaintiff's argument appears to imply that people are more likely to answer a phone call from an unknown local phone number than from an unknown nonlocal number, and that Defendant's use of local phone numbers exploited this fact. However, even assuming that both of these assertions are true, this Court declines to hold that the use of a 215-area code would affect decisions by debtors "about *how to address debts*," the precise conduct that Congress sought to protect. At most, the 215-area code affects, as Plaintiff specifically alleges, a debtor's decision whether to answer the phone, and nothing more. This Court finds that the use of a particular phone number, by a Defendant whose business location is covered by a different area code, is not materially misleading information or prohibited conduct under the FDCPA. Plaintiff has, therefore, failed to allege sufficient facts to state a claim under § 1692e.[4]

*15 U.S.C. § 1692f – Unfair Practices*

Plaintiff also contends that Defendant's use of local phone numbers violates § 1692f of the FDCPA. Where § 1692e prohibits debt collectors from using "false, deceptive, or misleading"

---

[4]    In their motion, Defendants highlight several decisions by other United States District Courts in which caller ID information was held not to be deceptive or misleading under the FDCPA. Most applicable here is the decision in *Scheffler v. Integrity Fin. Partners, Inc.*, 2013 WL 9768539 (D. Minn. Oct. 28, 2013). In *Scheffler*, the defendant, a debt collection agency based in Kansas, used a product to contact debtors that caused local telephone numbers to be displayed on call recipients' caller ID, including in Minnesota where the plaintiff resided. As in the case *sub judice*, the plaintiff argued that the use of a local number was deceptive. The court granted summary judgment to the defendant, holding that because the defendant owned the local numbers and could be reached by calling those numbers, there was "no liability under the FDCPA" because "the information displayed on Plaintiff's caller ID was accurate." By granting summary judgment to the defendants, the *Scheffler* court concluded, as a matter of law, that a nonlocal defendant's means of causing local phone numbers to be displayed on a call recipient's caller ID, without more, was not false, deceptive, or misleading in any sense covered by the FDCPA. Though courts in other districts have rejected the application of *Scheffler* at the pleading stage, this Court finds the reasoning in *Scheffler* persuasive.

means to attempt to collect debts, § 1692f prohibits the use of means which are "unfair or unconscionable." Like § 1692e, § 1692f provides a non-exhaustive list of prohibited acts. In the complaint, Plaintiff does not allege any facts to suggest that Defendant committed any of the acts specifically mentioned in § 1692f, and argues instead that the practice of using an apparently-local number to call Plaintiff's daughter, in an attempt to collect a debt owed by Plaintiff, is generally "unfair" or "unconscionable." Plaintiff defines Defendant's conduct as "unconscionable because it violated the Truth in Caller ID Act,[5] and because it was deceptive."

The Truth in Caller ID Act bans the use of caller ID "to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value." 47 U.S.C. § 227(e)(1). While Plaintiff has alleged that Defendant's caller ID information was misleading, she has offered no basis for concluding that Defendant sought to "defraud, cause harm, or wrongfully obtain anything of value." Thus, this Court finds that Plaintiff has not alleged facts sufficient to show that Defendant violated the Truth in Caller ID Act, or to establish that the perceived violation of the Truth in Caller ID Act is unfair or unconscionable under § 1692f.

Further, an examination of the list of enumerated prohibitions in § 1692f reveals that the conduct alleged here is not the type of conduct against which § 1692f was designed to protect consumers. Section 1692f prohibits, *inter alia*, soliciting postdated checks, threatening to deposit a postdated check prior to the written date, causing a debtor to incur charges by concealing the true

---

[5]      In addition to the Truth in Caller ID Act, Plaintiff also references the Telephone Consumer Protection Act in her complaint. The Truth in Caller ID Act referenced by Plaintiff involves a subsection, of the Telephone Consumer Protection Act. This section provides, *inter alia*, that "it shall be unlawful for any person within the United States, in connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value[.]" 47 U.S.C. § 227(e)(1).

purpose of a collect call, and threatening judicial action to effect dispossession of property if there is no real intent to take possession of the property. *See* 15 U.S.C. § 1692f(3) – (6); *see also Grandovsky v. Hayt & Landau, LLC*, 2015 WL 7313863, at *3 (D.N.J. Nov. 20, 2015) (granting motion to dismiss claim under § 1692f where plaintiff did not "allege that Defendant's conduct was 'unfair or unconscionable' along the lines of the examples in the statute.").

Notably, other courts in this Circuit have held that a "'complaint fails to state a claim under Section 1692f unless it identifies some misconduct by the debt collector other than that which provides the basis for the plaintiff's claims under other provisions of the FDCPA.'" *Kryluk v. Northland Group, Inc.*, 2014 WL 6676728, at *9 (E.D. Pa. Nov. 25, 2014) (quoting *Hoover v. Midland Credit Mgmt., Inc.*, 2012 WL 1080117, at *8 (E.D. Pa. Mar. 30, 2012)); *see also Cohen v. Dynamic Recovery Solutions*, 2016 WL 4035433, at *5 (D.N.J. July 26, 2016) (observing that "courts routinely dismiss § 1692f claims when a plaintiff does not identify any misconduct beyond that which he asserts violates other provisions of the FDCPA.") (quotations omitted). Here, Plaintiff has not alleged conduct apart from that which she alleges violates § 1692e's prohibition on "deceptive, or misleading" means of debt collection. Therefore, Plaintiff has failed to state a claim under § 1692f.

*Telephone Consumer Protection Act ("TCPA") Claim*

Although the first paragraph of Plaintiff's complaint indicates that "this is a lawsuit for damages . . . for Defendant(s)' [sic] alleged violations of the Telephone Consumer Protection Act," the TCPA is referenced only once thereafter, in a Paragraph 36 comment on the TCPA's "fee shifting provision." [*See* ECF 1]. 47 U.S.C. § 227(b). Additionally, in Plaintiff's amended brief in support of her response to Defendant's motion to dismiss, Plaintiff explains that "this is an action for alleged violation of the Fair Debt Collection Practices Act," specifying that she cited the

TCPA merely as support for the notion that "Defendant's conduct was deceptive, illegal and/or unconscionable." [ECF 7 at 3]. In light of this comment, Plaintiff appears to indicate that she does not intend to claim a violation of the TCPA. However, to the extent that she may have purported to bring such a claim, said claim fails.[6]

**CONCLUSION**

For the reasons set forth, Defendant's motion to dismiss is granted. An Order consistent with this Memorandum Opinion follows.


NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

[6]    Conspicuously, Plaintiff has not alleged that any of the calls in question were made using an "automatic dialing system," "artificial or prerecorded voice," or "telephone facsimile machine, computer, or other device," as would give rise to TCPA liability. *See* 42 U.S.C § 227(b).